Filed 7/21/26  P. v. Issa CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D086709 |
| Plaintiff and Respondent, | (Super. Ct. No. SCE428349) |
| v. | |
| ARIET ISSA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed, as modified.

Morad Fakhimi and Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Ariet Issa pled guilty to one count of assault with a semiautomatic firearm after a confrontation over her attempts to drive while apparently under the influence of drugs or alcohol.  On appeal, she contends the trial

court erroneously delegated its judicial power to the probation officer, failed to properly balance the mitigating and aggravating factors in imposing a high term prison sentence, and improperly ordered Issa to pay the costs of mental health treatment as a condition of probation.  We modify the order of probation to eliminate the provision that Issa pay the costs of treatment as a condition of probation and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

N.G. attempted to stop Issa from driving while she appeared to be under the influence of drugs or alcohol.  In response, Issa threatened to run over N.G., who was holding her three-year-old daughter.  Issa drove toward N.G. and her daughter but collided with a wall and other vehicles parked nearby.  Issa then exited the car and retrieved a firearm.  She pointed it at N.G. and her daughter and threatened to kill them.  Police arrived on the scene and arrested Issa.

Issa was charged with two counts of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), two counts of making a criminal threat (§ 422), one count of attempted robbery (§§ 664, 211), one count of child endangerment (§ 273a, subd. (a)), and one count of possession of an assault weapon (§ 30605, subd. (a)).  She pled guilty to one count of assault with a semiautomatic firearm and admitted the aggravating sentencing factor that the crime involved the threat of great bodily harm, in exchange for the People dismissing the remaining charges.

The trial court sentenced Issa to the high term of nine years in prison, suspended execution of the prison sentence, and placed her on formal

---

[1]     Further unspecified statutory references are to the Penal Code.

probation for two years. As a condition of probation, the trial court ordered Issa to serve 365 days custodial time, releasable to a residential treatment program that she was required to complete. In addition, as relevant to this appeal, the court's written order of probation contains the following conditions:

"**7. TREATMENT, THERAPY, COUNSELING:** [¶] . . .[¶] d. Attend and successfully complete Psychiatric-IF[,] Individual-IF[,] Group-IF[,] Dual Diagnosis-IF[,] and cognitive behavior-IF counseling program[s] approved by the [probation officer], if directed by the [probation officer]. . . . [A]ll costs to be borne by defendant.

"[¶] . . .[¶]

"**9. DRUG CONDITIONS:** a. Complete a program of residential treatment and aftercare as directed by the probation officer.

"[¶] . . .[¶]

"**14. FURTHER CONDITIONS:**

"[¶] . . .[¶]

"b. Enroll in & adhere to substance use treatment & recovery services, as clinically indicated if directed by [the probation officer]."

DISCUSSION

## I.

*Condition 7(d) of the Order of Probation is not Unconstitutional*

Issa first challenges condition 7(d) of her order of probation, arguing the trial court unconstitutionally delegated its authority to the probation officer by leaving to the officer's discretion whether to require Issa to attend residential treatment services or, in the alternative, by imposing a vague condition. We review such constitutional challenges to conditions of probation de novo. (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

"The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.) Trial courts have the authority to determine if a defendant is eligible for probation and if so, which conditions would be appropriate under the circumstances. (§ 1203, subd. (b)(3); *People v. Olguin* (2008) 45 Cal.4th 375, 379.) To this end, a court " 'may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.' " (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350.) In imposing such conditions, a court may require a defendant to complete a residential treatment program. (*Smith, supra*, 79 Cal.App.5th at p. 903.) A probation officer, however, may only oversee and enforce the trial court's orders. (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358 (*O'Neil*).) A probation officer "may not create conditions not expressly authorized by the court." (*Ibid.*)

In *Smith*, "the parties negotiated a disposition that would allow [the defendant] to remain out of custody." (*Smith, supra*, 79 Cal.App.5th at p. 903.) In conformance with this disposition, the probation report did not recommend, and the trial court did not order, residential treatment. (*Ibid.*)

4

But when the trial court issued its probation order it imposed a condition that the defendant " 'participate in any treatment/therapy/counseling program, *including residential*, as directed by the probation officer.' " (*Id*. at p. 902, italics added.)  On appeal, the court held this condition was an unconstitutional delegation of the trial court's authority to the probation officer because it allowed the officer to infringe the defendant's liberty interests by requiring participation in residential treatment.  (*Id*. at p. 903.) The court reasoned that, "[g]iven the significant liberty interests at stake, a court—not a probation officer—must make the decision to require a defendant to attend residential treatment."  (*Ibid*.)

Issa's case is materially distinguishable from *Smith*.  Condition 7(d) of Issa's probation order does not include express language delegating to the probation officer the authority to order Issa to attend residential treatment. In fact, it is silent as to whether the treatment ordered in condition 7(d) is to be residential or outpatient.  Without an express delegation by the court, the probation officer did not have the authority to impose the additional restraint on Issa's liberty that would result from placement in residential treatment. (*O'Neil, supra*, 165 Cal.App.4th at p. 1358 [probation officer "may not create conditions not expressly authorized by the court"].)  Under these circumstances, we cannot find the trial court delegated to the probation officer its authority to impose residential treatment.

In the alternative, in her reply brief, Issa argues condition 7(d)'s silence as to whether the treatment would be residential or outpatient renders the condition an unconstitutional delegation of authority because it is impermissibly vague.  She argues this is particularly true when condition 7(d) is read in conjunction with condition 14(b), which requires her enrollment in and adherence to "substance use treatment [and] recovery

services, as clinically indicated if directed by [the probation officer]." Thus, she requests we strike both conditions 7(d) and 14(b). Issa forfeited this argument by not raising it earlier. (*People v. Hart* (2025) 113 Cal.App.5th 1099, 1106.)

## II.

*The Trial Court Properly Weighed the Mitigating and Aggravating Sentencing Factors*

As we explained, the trial court sentenced Issa to a high term sentence of nine years in prison and suspended execution of the prison sentence pending her successful completion of probation. Issa argues the trial court did not properly weigh the mitigating factors against the single aggravating factor when it imposed the upper term.[2]

Section 245, subdivision (b), provides a sentencing range of three, six, or nine years in prison. Under section 1170, subdivision (b), "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms . . . [t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term

---

[2] The Attorney General argues Issa forfeited this claim by failing to object to the high term sentence in the trial court. Issa counters that her counsel "verbally requested the court to consider mitigation to impose the recommendation by probation . . . , identified mitigating factors for the court's consideration . . . [, and] requested the court to clarify its ruling on the upper term sentence." Issa argues counsel's actions, collectively, are "tantamount to an objection." Because, as we shall explain, the claim is meritless, we exercise our discretion to consider it notwithstanding the forfeiture issue. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)

and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  A court may impose an upper term sentence "based on a single, properly proven aggravating circumstance *if*, in the court's discretion, *that circumstance alone justifies* a sentence exceeding the middle term."  (*People v. Lynch* (2024) 16 Cal.5th 730, 764.)  It must state on the record the reasons for its sentencing choice.  (§ 1170, subd. (c).)

"After a sufficient factual basis to support the circumstances in aggravation or mitigation is found, the court enjoys broad discretion in its sentencing determination" and we review the sentencing decision for an abuse of that discretion.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205–206.)  "That discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an individualized consideration of the offense, the offender, and the public interest."  (*Id.* at p. 206 [cleaned up].)

Issa has not shown the trial court abused its discretion in imposing the high term.  At sentencing, the trial court recognized multiple mitigating factors, including Issa's young age and her mental health struggles.  On the other hand, it recognized a single aggravating factor for purposes of raising the term of imprisonment above the middle-term, i.e., the stipulated fact that the crime involved the threat of great bodily harm.  The court then carefully balanced these factors.  In doing so, the court stated the mitigating factors led it to impose the probationary sentence with a suspended prison term.  Specifically, the court explained, "I want everybody to be very, very clear, if it were not for Ms. Issa's young age, if it were not for the work that her attorney did to bring the mitigating information to the court's sentence, I would be sentencing her to prison."  The court then continued its careful balancing of

7

the mitigating and aggravating factors when determining the appropriate term to impose for the suspended prison sentence, explaining it was "wrestling with whether or not to impose the high term as opposed to the midterm." Ultimately, the court based its decision on how "incredibly serious, incredibly risky, and incredibly dangerous" Issa's behavior was. Given the high risk of danger Issa created, the court found the single aggravating factor warranted the upper term sentence.

The trial court's decision, based on this careful consideration of the relevant aggravating and mitigating circumstances, was a proper exercise of discretion.

### III.

### *Probation Condition 7(d) Must Be Modified*

Finally, Issa argues the trial court erred by ordering her to pay, as a condition of her probation, the costs of the treatment provided for in condition 7(d), and, thus, the condition must be modified to delete this provision. The Attorney General concedes that condition 7(d) should be modified to delete the provision requiring Issa to bear the costs of treatment as a condition of her probation. We agree.

A trial court may order a defendant who is granted probation to pay the reasonable associated costs. (*People v. Hall* (2002) 103 Cal.App.4th 889, 892.) To do so, "the court must make an inquiry and determination regarding [the defendant's] ability to pay, and issue a separate order for the payment of such costs." (*Brown v. Superior Court* (2002) 101Cal.App.4th 313, 322.) But the payment of such costs cannot be made a condition of probation. (*Id.* at pp. 321–322; *People v. Hart* (1998) 65 Cal.App.4th 902, 907.) Here, condition 7(d) makes Issa's payment of costs associated with treatment a condition of her probation. In addition, the record before us does not show

8

the court inquired into Issa's ability to pay before including the provision that she pay these costs, or that it issued a separate order for payment of these costs. Accordingly, condition 7(d) must be modified to eliminate the requirement that Issa pay the costs of treatment associated with this condition. (*People v. Flores* (2008) 169 Cal.App.4th 568, 578–579 [modifying probation order to eliminate requirement that defendant pay the costs of probation as a condition of probation].)

DISPOSITION

Condition 7(d) of the trial court's probation order is modified to eliminate the requirement that Issa pay the costs of treatment associated with this condition. As modified, the judgment is affirmed.


DO, Acting P. J.

WE CONCUR:


CASTILLO, J.


BERMÚDEZ, J.

9